UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RANDY GENE ASHLEY,
          *Defendant-Appellant.*

No. 01-4178

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-98-605, CA-00-2017)

Submitted: October 31, 2001

Decided: January 15, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

W. Reynolds Williams, WILLCOX, BUYCK & WILLIAMS, P.A.,
Florence, South Carolina, for Appellant. Elizabeth Jean Howard,
OFFICE OF THE UNITED STATES ATTORNEY, Greenville,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Randy Gene Ashley appeals the district court's oral order partially granting his 28 U.S.C.A. § 2255 (West Supp. 2001) motion, in which the district court revised his sentence from an incarceration period of 195 months to an incarceration period of 168 months. Ashley's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Ashley has filed a pro se supplemental brief and a related motion. Three issues are presented.

First, Ashley argues the district court erred in failing to issue a written order in his § 2255 proceeding, and in denying his motion to correct the docket in his § 2255 proceeding. We find no error in the district court's order and docket entries.

Second, Ashley argues he received ineffective assistance of counsel at his § 2255 proceeding, at which he was resentenced. Ashley's claim necessarily fails because there is no constitutional right to effective assistance of counsel at a § 2255 proceeding. 28 U.S.C.A. § 2253 (c)(1)-(2) (West Supp. 2001); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In any event, Ashley did not establish that his counsel was ineffective during the hearing at which the court favorably modified his sentence. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Third, Ashley argues, in his pro se brief and related motion, that his *Anders* counsel erred in appealing the district court's oral order partially granting Ashley's civil § 2255 motion, rather than bringing an appeal against his amended sentence in Ashley's criminal case. This claim is meritless. Moreover, we find that the district court did not abuse its discretion when it resentenced Ashley within the applicable guideline range. *United States v. Pitts*, 176 F.3d 239, 248 (4th Cir. 1999).

We therefore dismiss the appeal and deny Ashley's motion to compel his attorney to file additional briefing. In accordance with *Anders*, we have reviewed the entire record in this case and find no other mer-

itorious issues for appeal. We therefore affirm Ashley's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*